## RANSOM P. SMITH *v.* JOHN TRUEBODY.

The City of San Francisco agreed for the purchase of a lot of ground, for the purpose of opening and laying out a public street upon it; but owing to a difficulty in the mode of payment, the agreement fell through. Staples, Truebody, and divers others were interested in the opening of the street. Staples, to prevent a failure of this object, procured an offer from the owner of the lot, to take $5000 in addition to the payment proposed by the city, and convey the lot to the city for the above purpose. Staples then started a subscription paper, to raise funds in aid of the payment of the $5000, for which he become liable to the owner of the lot, and procured signatures to the amount of about $3000; of these subscribers Staples himself was one, and Truebody, the defendant, another, each for the sum of $800. Afterwards, Staples learning that the owner of the lot had conveyed it to the city, tore up the subscription paper, believing (as he testified) that no further subscriptions could be obtained. And after the paper was destroyed he assigned to Smith, the plaintiff his claim against the subscribers to it, and this suit was brought against Truebody, to recover the amount of $800, subscribed by him to the said paper.

Held, that the subscription paper thus assigned by Staples to the plaintiff, can create no liability in favour of the latter.

A party cannot occupy the double character of debtor and creditor. And where the plaintiff was himself the subscriber to the paper upon which his claim was founded, his liability and that of the defendant was of the same character, and would not constitute the defendant a debtor of the plaintiff.

Where the plaintiff was the assignee of a claim, the written contract upon which it was founded having been destroyed by the assignor, before the assignment; Held, that it was error to admit the assignor as a witness, to prove the contents of the written paper, thus destroyed by him.

APPEAL from the Superior Court of the City of San Francisco.

This action was brought in the Superior Court of San Francisco, to recover of Truebody, the defendant, the sum of $800, upon a written contract, which the complaint alleges was destroyed.

The case as set forth in the complaint, is in substance as follows: In November, 1850, the common council of the City of San Francisco passed an ordinance to lay out and open Merchant street, in said city. One De Boom was the owner of a lot of land described in the complaint, a portion of which would be

required at the western end of the said street, over which it would pass. De Boom agreed with the city, to sell the portion thus required for the street, for the sum of $19,000 cash; which sum the city agreed to pay, and thereupon took possession thereof, and laid out and opened the said street. The city failed to pay the sum stipulated in *cash*, but offered to pay in *city script*, which the complaint alleges was then worth but about 40 cents in the dollar; and which De Boom refused to receive. The complaint then proceeds to state, that the city having wholly failed to pay, &c., De Boom, on the 17th of March, 1851, obtained an injunction against the said city, restraining her from using the said street over his premises, or interfering therewith; and in the month of March or April, 1851, he was duly reinstated in the possession, &c., and enclosed the premises.

That one Alpheus Staples, Smith, the said plaintiff, and divers other persons, owners and lessees of lands lying about and upon said Merchant street, &c., and interested in having it kept open, in April, 1851, leased the premises from De Boom by the month, at a fixed rent of $500 per month; that subsequently the lessees become dilatory in paying their several quotas of rent to De Boom, and the said lease terminated. That to prevent the said street being again closed, and to have it permanently opened over said land, &c., that said Alpheus Staples obtained an offer in July, 1851, from the said De Boom, that he would sell and convey to the said city the premises, for a public street, for the sum of $5000, in addition to the above amount of $19,000, offered him by the said city, in the city script, as aforesaid. That in July, 1851, the said Staples caused to be drawn up in writing an agreement, which has been lost and destroyed, stating in effect and substance, that said De Boom was willing to sell and convey to the said city, the piece of ground referred to, for a public street, for the sum of $5000, in addition to the $19,000, to be paid in city scrip; and whereby also the subscribers to the said agreement, for the consideration and purposes aforesaid, respectively and severally agreed to pay to the said Alpheus Staples, the several sums by them severally subscribed, on condition of said Merchant street being permanently opened; and that the said De Boom conveyed to the said city the said parcel of land. That the said defendant, being the owner of lands lying in said

street, subscribed his name to said agreement, and the sum of $800, whereby he became bound to pay the said sum to the said Alpheus Staples; that said agreement was also signed by other persons interested, &c., severally agreeing to pay to the said Staples the sums subscribed, &c., amounting in the whole to about $3000, towards paying the said Staples a part of the sum of $5000, required by him to pay De Boom, &c. That in July, 1851, the said Staples completed the aforesaid agreement with the said De Boom, and agreed to pay him the said sum of $5000, in addition to the $19,000 to be paid by the city in city scrip, &c.; and that said De Boom did then and there agree and consent to permanently open said street on said lands, and to convey, and he did convey, the same to the city, and the same is now open and has become a public street.

That said Staples is now bound and held to pay to the said De Boom the said sum of $5000, and has already paid him a large part thereof.

That the said Staples, on the 27th September, 1851, for a valuable consideration, duly sold and assigned to the said Ransom P. Smith, the appellee, and plaintiff below in this suit, all and singular the aforesaid agreement and subscription made between him, the said Staples, on the one part, and the said Truebody, defendant, and others of the other part, and the several sums of money thereby subscribed, &c.

The defendant below demurred to this complaint, and the demurrer was overruled. The defendant then filed his answer, denying specifically the several allegations of the complaint.

May 26, the cause came up for trial, and by consent of counsel was tried by sworn jurors, and was submitted to the jury without argument. The Court ordered the jury to find a special verdict; who returned that they found specially for the plaintiff, as follows : " That no condition existed between Truebody and Staples save the simple contract that Truebody would pay to Staples 800 dollars on De Boom's delivering to the city the deed for the lot of land now used as Merchant street; and that Staples did comply with the condition of obtaining the conveyance from De Boom. We therefore find that Smith, as assignee of Staples, is indebted to the amount claimed.

Judgment for plaintiff for $800, &c."

The bill of exceptions (filed May 18, 1852) recites, that the plaintiff, to sustain the issue on his part, introduced as a witness Alpheus Staples, the alleged assignor of the contract, on which the action is founded, who testified that the contract was torn up and destroyed by himself, and thrown away; that the city had passed an ordinance allowing De Boom $19,000 for the grant to the city of Merchant street; De Boom demanded more. Thereupon witness being the owner of a lease of land on Merchant street, had agreed to pay to De Boom $5000 if he would grant the way, and allow it to be kept open, to which De Boom had acceeded. Several persons owning property on the street, had agreed to pay to witness a part of this sum, to reimburse him, and the instrument in question was a subscription paper drawn up by witness with the expectation that each of these persons should subscribe their names and the respective sums they were to pay. Witness had subscribed his name and the sum of $800. The defendant had subscribed in like manner for the sum of $800. Before the others had subscribed, witness was informed that De Boom had made the grant by deed, and witness being impressed with the belief, that no one else would then sign or subscribe the paper, tore it up and threw it away. No part of the said $5000 had been paid by witness, but the grant was made in pursuance of said agreement between him and De Boom. Witness has assigned the said $800 so due from defendant to plaintiff in satisfaction of a debt due from witness to plaintiff.

Defendant objected to oral proof of the contents of the paper, on the ground that the contract had been wilfully destroyed by the holder, which the Court overruled, and defendant excepted.

*Sloan* and *Rodes,* for appellant.

The Court erred in overruling the demurrer. This should have been sustained, because the complaint does not state facts sufficient to constitute a cause of action. "When parties reduce their contract to writing, the allegations and right of each are described and limited by the instrument itself." All previous negotiations and propositions resting in parol are extinguished by the written contract. If the terms of the agreement cannot be ascertained from the instrument with reasonable certainty, then it will not support the action. Parol proof cannot be resorted

to, to supply what may be vague, uncertain and defective in the writing itself.   Taylor *v.* Riggs, 1 Peters's Rep. 600; Buckhurst *v.* Van Courtland, 1 John. Ch. R. 280.   By the written contract as described in the complaint, the sum claimed was not made payable to any one, not even the bearer.   Nor was it made payable at any time or place, nor does it describe to whom, when, or where the money was to be paid.

2d.  The Court below ought not to have permitted Staples to testify in regard to the alleged contents of the writing which he had voluntarily destroyed.   He who thus, without mistake or accident destroys primary evidence, deprives himself of the production and use of secondary evidence.   The best evidence is required, and if a party with this in his power destroys it voluntarily, the law knows no relaxation for him, whatever may be given for accident or misfortune : to admit such evidence under these circumstances would open a door to frauds without number : by such spoilation of his own security the holder destroys his right of action.   Broadhead *v.* Stiles, 3 Halsted, 58; Vananken *v.* Hornbeck, 2 Green, 180; Livingston *v.* Rogers, 2 Johns. Cases, 488; Blade *v.* Noland, 12 Wend. 174.

Secondary evidence is never allowed, except where the writing was lost or destroyed by time, accident, or mistake, or is in the hands of the adversary, who refuses to produce it upon notice. Staples was the owner of the paper when he wilfully destroyed it.   If he did in fact afterwards attempt to assign it, the act transferred no cause of action, for he had nothing to assign. Disregard the rule contended for, and an unprincipled litigant, who holds a written contract, void on its face, or otherwise insufficient would have nothing to do but to destroy it, make a pretended assignment, and in the name of the alleged assignee make himself a witness, and prove such contract as he may be advised will sustain an action.   The plaintiff below by his own evidence shows that he has no right of action.

*Clark, Taylor* and *Beekle,* for respondent.

1st.  The complaint sufficiently sets forth that defendant promised to pay Staples $800, upon the procurement by the latter of a deed from De Boom to the city of a certain piece of land for a street.   2d. That Staples did so procure said deed to be

made; and 3d. That Staples assigned the demand to the plaintiff for value before commencement of the action. If the complaint contained surplusage, defendant could have moved to strike it out—but this formed no ground of demurrer.

2d. Was the parol evidence properly admitted? The contents were proved by various witnesses; the *fact* of the loss or destruction by Staples; the *rule* is, that if the loss, &c., be proved, parol evidence of the contents may be admitted; the *exception* is, that when it is shown that the destruction has been caused by the party seeking to introduce the contents, without mistake or accident, to prevent it being used against him, or to create an excuse for its non-production to injure the opposite party, or for other fraudulent purposes, such party looses the benefit of such secondary evidence. Cowen and Hill's notes, vol. 2, p. 406. This case does not come within the *exception*. 1st. There was no proof of *fraud*, but direct proof that the destruction was occasioned by *thoughtlessness* and *mistake*. Staples expected to procure a large amount to compensate him for procuring the street to be opened. One of his promised subscribers had put down his name for $800, and the deed for which he had contracted having been executed before the others had signed, they flew from their engagements, and Staples in a moment of disappointment and vexation tore up the paper; not supposing that Truebody would also attempt to break faith with him. He in fact testified that "he destroyed the paper under the impression that it could be of no further use." See Riggs *v.* Taylor, 9 Wheat. 483. In this case there is no fact or circumstance to sustain the allegation of fraud in the destruction of the paper— but if no fraud in the case, then parol evidence was admissible to prove its contents. If there had been evidence of fraud, the Court below should have passed upon it—this finding upon the proofs is not *error in law*, nor subject to revision upon appeal.

3d. But Staples is not the *party*, but Smith, who·claims under Staples—and it is the *party* who is excluded by the rule from secondary evidence in the cases to which it applies. The plaintiff has shown no case in which the rule has been extended to a case like this. By the rule, the consequences attach to the party who comes within it, as a sort of penalty for his wrong— and there is no reason why this should be visited upon another

person not a participant in the wrongs; nor why the latter should be estopped from showing the truth by the best evidence within his power.

Appellant in reply—

The rule requires that the best attainable evidence shall be adduced. The ground of the rule is a suspicion of fraud; where it appears from the transaction that better evidence is withheld, a presumption arises that the party has some secret or sinister motive for not producing the best, &c. 1 Starkie's Evid. 437. And if the withholding of the best evidence creates a suspicion of fraud, surely a voluntary destruction of it does not remove the suspicion. If the plaintiff by his voluntary act disables himself from producing the best evidence, it is nevertheless a wilful withholding of the best evidence. But how could Staples regard the contract as useless while he intended to hold the appellant liable, unless he was convinced that, as written, it contained no liability? The rule in regard to finding of a fraudulent intent upon a question of fact in issue, has no application to the ruling of the Court upon the admissibility of testimony.

Staples was the holder of the instrument when he destroyed it; and the alleged transfer to Smith cannot revive a lost cause of action, nor create one where none existed; and as no writing accompanied the transfer, the assignee was put upon inquiry—took with knowledge—and cannot be heard to complain.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.—From the evidence as disclosed by the record, I am very clear that the subscription paper which Staples assigned to the plaintiff can create no liability in his favour. According to his own statement, he was himself one of the subscribers, and had put down the sum of $800. It will hardly be contended that he could occupy the double position of debtor and creditor. If it was an obligation that was binding on the subscribers, the liability of himself and Truebody must have been of the same character, and therefore it could not constitute him the creditor of Truebody.

His voluntary destruction of the paper, and for no other reason than that he believed no one else would subscribe to it,

is conclusive of the views here taken. Without regarding it as a suspicious transaction, it clearly indicates that he did not consider it as a liability of Truebody in his favour, and which from its description it could not be.

> The District Court erred in admitting evidence of the contents of the paper; and the judgment is reversed.